IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00212-PSF-CBS

JEFFERY HORTON, individually and behalf of all persons similarly situated,

    Plaintiff,

v.

LEADING EDGE MARKETING INC., a British Columbia corporation,
LEADING EDGE MARKETING INC., a Bahamas corporation,
LEADING EDGE MARKETING LTD., a Cyprus company,
LEADING EDGE MARKETING INC., a dissolved Colorado corporation,
UNIPAY PROCESSING, LTD., a Cyprus company,
GEOFFREY M. MACKAY,
DM CONTACT MANAGEMENT LTD., a British Columbia corporation,
ANDREW A. MACKAY,
DOUGLAS R. MACKAY,
TECHNIPAK, L.L.C., a Colorado limited liability company,
MARK D. SCHEIDT,
ADVANCED BOTANICALS, LTD., a British Columbia corporation, and
WARREN S. BRANDER,

    Defendants.

## ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT

On February 5, 2007, Plaintiff Jeffery Horton, Defendants Leading Edge Marketing, Inc. (a British Columbia, Canada corporation), Leading Edge Marketing, Inc. (a dissolved Colorado corporation), Leading Edge Marketing, Ltd., Leading Edge Marketing Inc. (of the Commonwealth of the Bahamas), Unipay Processing, Ltd., DM Contact Management Ltd., Geoffrey M. MacKay, Andrew A. MacKay, and Douglas R. MacKay, (collectively the "Leading Edge Marketing Defendants"), and Defendants Advanced Botanicals, Ltd., Warren S. Brander, Matthew Clayton, Technipak, L.L.C.,

and Mark D. Scheidt (all collectively referred to as the "Settling Parties") entered into a Stipulation and Settlement Agreement ("Settlement Agreement" or "Agreement") following over 18 months of mediation conducted by the Circuit Mediation Office of the United States Court of Appeals for the Tenth Circuit.[1]  The Settlement Agreement resolves and compromises Plaintiff's claims on behalf of himself and others similarly situated against Defendants.  On February 23, 2007 the Court of Appeals dismissed the appeal of this cause on motion of the Settling Parties, resulting in a remand for the purpose of allowing this Court to consider approval of the Settlement.

On February 26, 2007 the Settling Parties moved for entry of an order granting preliminary approval to the settlement provided for in the Settlement Agreement (the "Settlement").  The Court issued an Order on June 6, 2007 (Dkt. # 330) in which the Court expressed concern about certain provisions in the Settlement Agreement and directed the Settling Parties to advise the Court of their position on those stated concerns.  On July 12, 2007, the Settling Parties filed a joint response to this Order (Dkt. # 336), and Plaintiff filed an additional, individual response (Dkt. # 337).  Having reviewed and considered the Settling Parties' Joint Motion, the Settlement Agreement, the responses to the Court's prior Order, and other submissions in support of preliminary approval of the Settlement, the Court now finds, concludes, and orders as follows:

---

[1] For purposes of this Order, the Court adopts the Definitions set forth in the Settlement Agreement, a copy of which is attached to the Joint Motion as Exhibit 1.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

The Settlement Agreement provides for the settlement of certain class action claims concerning the advertising, marketing, sale, and distribution of an herbal dietary supplement sold under the name "VigRx." The Settlement Class is defined in the Agreement as all consumers who purchased VigRx from Leading Edge Marketing on or after October 1, 2001 and before 11:59:59 PM Mountain Time on the day on which this Order is signed by the Court (the "Class Closing Time"), with the exception of any counsel for the Class. Also excluded from the Class are: (a) wholesalers, *i.e.*, persons who are recorded in Leading Edge Marketing's business records as purchasing VigRx for resale; (b) sales affiliates of Leading Edge Marketing who purchased VigRx; and (c) persons who received a full refund of all charges including shipping and handling prior to Class Closing Time.

The Court preliminarily certifies the Settlement Class under F.R.Civ.P. 23(a) and 23(b)(3) and preliminarily appoints Plaintiff as class representative. The following are the Court's preliminary conclusions:

1. The Settlement Class includes over 420,000 geographically dispersed persons, satisfying the requirement of numerosity.

2. There are questions of law and fact common to the Settlement Class, including whether, as Plaintiff alleges, the advertising, marketing, sale, and distribution of VigRx violates the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Colorado Organized Crime Control Act ("COCCA").

3.      Plaintiff's claims are typical of the claims of the Settlement Class, in that he purchased VigRx from Leading Edge Marketing after October 1, 2001.

4.      Plaintiff will fairly and adequately protect the interests of the Settlement Class.

5.      The common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the present controversy.

6.      The Court preliminarily appoints Plaintiff's counsel—Bradley S. Corsello of Corsello Law P.C., David Seserman of Hale Friesen LLP, and James A. Jablonski of Rumler Tarbox Lyden Law Corporation—as counsel for the Settlement Class.  Plaintiff's counsel demonstrated in their November 17, 2004 Motion for Class Certification that they meet the requirements of F.R.Civ.P. 23(g).

## PRELIMINARY APPROVAL OF SETTLEMENT

According to the terms of the Settlement, every Class Member shall be offered their choice of the following Class Benefits:  (a) a Cash Rebate of $10.00, or (b) any or all of the following benefits, which collectively are referred to as the "Alternative Benefit":  (I) a downloadable e-book (*i.e.*, a book in electronic form) relating to men's sexual and reproductive health, having a retail value of $39.95; (ii) a six-month subscription to Anti-Spam/Anti-Virus Email Forwarding for Home Users, provided by Security Sage, Inc., having a retail value of $24.95;[2] (iii) access to NWWL.com; (iv) a

---

[2]   The availability of this benefit is contingent upon finalization of a contract with Security Sage, Inc.

4

coupon good for a 10% discount on purchases at www.big-outlet.com; and (v) a coupon good for a 15% discount on purchases at www.dutyfreedepot.com.  No additional purchase is required for a Class Member to claim any Class Benefit, except for items (iv) and (v).  Cash Rebates made to persons outside the United States are subject to income tax withholding in the amount of $3.00.

The Cash Rebate will be financed by a Settlement Fund having a value of at least $6.51 million in cash and other property held by the Settlement Administrator, Class Action Administration, Inc.  The Settlement Fund shall also be applied to any Court-ordered attorneys' fees and costs to Class Counsel and any Court-ordered special award to Plaintiff.  The Alternative Benefit shall be provided at the expense of the Leading Edge Marketing Defendants and not at the expense of the Settlement Fund.

Upon signing the Settlement Agreement, the Leading Edge Marketing Defendants made an initial deposit of $120,000 into the Settlement Fund.  The Leading Edge Marketing Defendants shall make five additional monthly deposits of $120,000 and a final deposit, no later than three Business Days before the date of the Fairness Hearing, so that the Fund contains enough cash to satisfy all valid claims for Cash Rebates, plus $1.51 million.  The balance of the value of the Fund is constituted by other property, particularly, an equitable mortgage on certain real property in or around Victoria, British Columbia, which is represented to have an appraised market value of at least $3 million, and the irrevocable appointment by Defendant Geoffrey MacKay of

an attorney with certain rights over the sale of a condominium in the Commonwealth of the Bahamas, which is represented to have an expected value of at least $2 million.

After payment of the Cash Rebates, taxes, if any, any award of attorneys' fees and costs, and any special award to Plaintiff, the balance of the Fund shall revert to Leading Edge Marketing Inc. (of the Bahamas), provided that the Settlement Administrator may withhold any outstanding Administration Expenses.

The Settling Parties have proposed a Claim Form (Exhibit G to the Settlement Agreement) that Class Members must use in order to receive a Class Benefit. In order to receive a Class Benefit, a Class Member must, during the Claims Period, timely and accurately complete the Claim Form and return it by mail to the Settlement Administrator. The Settlement Administrator shall also provide means for Class Members to alternatively submit claims for benefits through the Settlement web site. Claims for benefits transmitted by electronic mail, telephone, or by any means other than mail to the Settlement Administrator or through the Settlement web site, or that are made after termination of the Claims Period, shall not entitle the Class Member to a Class Benefit. Claims for Class Benefits are of course contingent upon final approval of the Settlement.

In addition to the benefits offered to Class Members, the Leading Edge Marketing Defendants have committed to changing their advertising and marketing of VigRx, such that future advertising and marketing materials generated by any of them shall not claim that VigRx causes permanent penis enlargement. The Leading Edge Marketing Defendants have also committed to communicating to their sales affiliates

that no claim should be made that VigRx causes permanent penis enlargement. Further, the Leading Edge Marketing Defendants have agreed that they will not oppose a request by Class Counsel for entry of an injunction, as part of the final approval order, if issued, requiring that future advertising by these defendants will make no representation that using VigRx will cause enlargement of the penis while in a non-erect (flaccid) state.

In exchange for the foregoing consideration, according to the terms of the Settlement, Plaintiff and the Settlement Class will release any claims against Defendants that arose prior to the Effective Date and that were or could have been asserted in the Litigation, specifically:

> any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, or the law of any non-U.S. jurisdiction, that arose prior to the Effective Date and that were or could have been asserted by the Class Members in the Litigation against the Released Persons, including without limitation, claims under the federal Racketeer Influenced and Corrupt Organizations Act, the Colorado Organized Crime Control Act, and the California Unfair Competition Law, arising out of the sale, manufacture, distribution, marketing, or advertising of VigRx by Defendants.

The Settlement is predicated on a limited ability of Defendants to pay a judgment. It is represented that none of the Defendants are covered by a policy of liability insurance that would apply to the claims asserted in this Litigation, and that the assets of the Leading Edge Marketing Defendants from which a judgment could be satisfied amount to less than $7.7 million, most of which is held outside the United States.

The Settlement resolves claims that are vigorously contested by Defendants. Absent the Settlement, Plaintiff and the Settlement Class would face substantial risk that Defendants would successfully defend against the asserted claims. Moreover, substantial time, money, and other resources would be required to litigate the case through trial, final judgment, and appeals.

Moreover, the Settling Parties reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiff and his counsel, and arm's-length, good-faith negotiations during over 18 months of mediation conducted by the Circuit Mediation Office of the U.S. Court of Appeals for the Tenth Circuit.

Taking into account the foregoing, the Court preliminarily finds that the Settlement falls within the appropriate range of compromise for possible approval and does not appear in any way to be the product of collusion. Accordingly, the Settlement Agreement and corresponding Settlement are preliminarily approved.

## APPROVAL OF THE SETTLEMENT NOTICE AND NOTICE PLAN

As provided for in the Settlement Agreement, the Settling Parties have submitted a "Notice of Class Action, Proposed Settlement and Hearing" ("Settlement Notice" or "Notice") and an abbreviated form of the Notice ("Short Form Notice") (collectively the "Notices"), copies of which are attached to the Settlement Agreement as Exhibits E and F. The Settling Parties have also presented a plan for distributing the Notices to Class Members.

The Notices fairly, accurately, and reasonably inform Class Members of: (1) appropriate information about the nature and history of this litigation, the claims and

defenses, and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this litigation and the Settlement Agreement; (3) appropriate information as to how Class Members may opt out of the Settlement Class; and (4) appropriate information about how to challenge the Settlement, object to Class Counsel's Application for an award of attorneys' fees, reimbursement of costs, and a special award to Plaintiff, or appear and be heard at the Fairness Hearing.  The Notices fairly and adequately inform Class Members that if they do not comply with the procedures and the deadline for filing Objections, they will lose any opportunity to have their Objection considered at the Fairness Hearing, to otherwise contest approval of the Settlement, or to appeal from any order or judgment entered by the Court in connection with the Settlement.

      The proposed plan for distributing the Notices employs electronic mail and first-class mail.  Initially, the Settlement Administrator shall post the Notice, Short Form Notice, and Claim Form on the case website and send the Short Form Notice by electronic mail to all Class Members having an electronic mail address in the Leading Edge Marketing Defendants' customer database.  Following that electronic mailing, the Settlement Administrator shall send the Notice and Claim Form by first-class mail to all Class Members not having a known electronic mail address or for whom the initial electronic mail delivery failed.  The proposed plan appears reasonably likely to notify Class Members of the proposed Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify Class Members who will not receive notice pursuant to the proposed distribution plan.  The proposed notice

plan also satisfies the notice requirements of due process and the Federal Rules of Civil Procedure.   Because the Class is widely dispersed geographically and contact information for each individual Class Member is available in Leading Edge Marketing's database, notice by printed publication is not likely to be effective enough to warrant the cost of publication.

The Court, having reviewed the proposed Notices and the proposed plan for dissemination, finds and concludes that the Notices together with the proposed plan for dissemination will provide the best notice practicable and satisfy all requirements of federal and state law.  Accordingly, the Court hereby Orders as follows:

1.     The form and content of the proposed Notice, Short Form Notice, and Claim Form are hereby approved.

2.     Promptly following the entry of this Order, Class Counsel shall prepare a final version of the Notice, Short Form Notice, and Claim Form, incorporating into them the Fairness Hearing date and deadlines set forth below and any other changes ordered by the Court.

3.     Within 5 Business Days of the entry of this Order—*i.e.*, no later than September 5, 2007—the Leading Edge Marketing Defendants shall produce to the Settlement Administrator information in a suitable electronic form sufficient to identify the members of the Class (including each Class Member's name, mailing address, and electronic mail address as that data is represented in the Leading Edge Marketing Defendants' business records) (the "Class Data") so that the Settlement Administrator may disseminate the Notices as provided by this Order.

4. Within 5 Business Days of the entry of this Order—*i.e.*, no later than September 5, 2007—the Leading Edge Marketing Defendants shall produce to Class Counsel certain summary data regarding the Class Population, in particular: (1) the number of Class Members and (2) the geographic distribution of Class Members by state and country.

5. As soon as possible but not more than 15 Business Days after receiving the Class Data, the Settlement Administrator shall initiate delivery of the Short Form Notice to the electronic mail address of each Class Member having one in the Class Data, and shall make the Notice, Short Form Notice, and Claim Form available on the Settlement website. For Class Members having no electronic mail address in the Class Data, or for whom electronic mail delivery of the Short Form Notice is returned as undeliverable, the Settlement Administrator shall deliver the Notice and Claim Form by first-class (or international postal) mail, postage prepaid no later than 45 Business Days after receiving the Class Data. Before mailing the Notice and Claim Form, the Settlement Administrator will obtain address updates utilizing a National Change of Address ("NCOA") database. In mailing the Notice and Claim Form, the Settlement Administrator will utilize any updated addresses for Class Members that can be obtained from the NCOA database.

6. Within 50 Business Days after the Court's entry of this Order—*i.e.*, no later than November 8, 2007—the Settlement Administrator will file with the Court, and provide to all parties a copy of, a declaration of compliance with paragraphs 3 through

5 above, including a statement of the number of persons to whom the Notice or Short Form Notice was delivered by electronic mail and postal mail.

7. Class Action Administration Inc. is hereby approved as the Settlement Administrator, whose costs in administering the Settlement are to be paid by the Leading Edge Marketing Defendants as provided in the Settlement Agreement. The Settlement Administrator and any outside vendors, including those responsible for mailing, are to use the Class Data provided by Leading Edge Marketing solely for the purposes of disseminating the Notices and administering the claims process, and not for any other purpose. The Settlement Administrator shall be responsible for ensuring that vendors comply with the confidentiality provisions of this Order. The Settlement Administrator shall not disclose to Class Counsel any information that would allow the identification of individual Class Members other than (if necessary) confirming whether any objectors are Class Members. The Settlement Administrator shall retain the Class Data for three years following the Effective Date and shall then destroy the Class Data, retaining no copies.

8. The Claims Period shall commence upon dissemination of the Short Form Notice by electronic mail and shall end on December 26, 2007, which is the 45th calendar (non-holiday) weekday after the deadline for the last Notice to be sent by postal mail.

9. The terms of the power of attorney appointment (Exhibit C to the Settlement Agreement), side agreement (Exhibit K to the Settlement Agreement), and

paragraphs 4.2.5.3.1 and 4.2.5.3.2 of the Settlement Agreement, reproduced below,

are hereby incorporated into this Order.

> 4.2.5.3.1.   The Interim Account shall be held in the name of DM Contact Management, Inc. at a bank in the United States.  The Settlement Administrator shall have rights to transfer funds from the Interim Account to the Settlement Fund, but only upon entry of an Order by the Court that the Leading Edge Defendants have failed to make the final payment required by paragraph 4.2.4.  None of the Leading Defendants may withdraw or transfer funds from the Interim Account (except for electronic transfers directly to the Settlement Fund) until the earlier of (a) the Effective Date of the Settlement, or (b) confirmation by the Settlement Administrator to the Court that the Fund contains cash at least equal to (I) $1.51 million plus (ii) the total of all claims made for the Cash Rebate. Any transfers to the Settlement Fund from the Interim Account shall be treated as having come from and been contributed into the Settlement Fund by the Leading Edge Marketing Defendants for all purposes of this Agreement and subject to this Court's continuing jurisdiction over this Settlement Agreement.
>
> 4.2.5.3.2   The power of attorney appointment shall terminate six months after its execution.  Geoffrey MacKay agrees that in the event that the appointment terminates before the payments due under paragraph 4.2.4 have been made, he will execute additional power of attorney appointment(s) with substantively identical provisions to ensure that the appointment remains in effect until all such payments are made. Geoffrey MacKay agrees that he will not sell or otherwise encumber the property except as provided in Exhibit C hereto and Exhibit K [to the Settlement Agreement].

      10.    Confidentiality: Public Statements.

          a.    Except as provided in subparagraphs b, c, and d, below, and as required to implement the Settlement, the Settling Parties and their attorneys (and any agents, employees or other persons authorized to act on behalf of the parties or their attorneys) shall not (I) initiate or authorize public comment regarding the Lawsuit or this Settlement, or (ii) post any information on the internet regarding the Lawsuit or this

Settlement. For purposes of these confidentiality provisions, the Lawsuit includes both the Litigation and the California Action.

    b.  The parties and their attorneys shall not issue any press releases or otherwise initiate contact or interviews with any member of the mass media regarding this Settlement or the Lawsuit. A party or counsel may respond to inquiries from the press, but any comments (1) shall be limited to describing the terms of the Settlement Agreement and related orders by the Court, and (2) shall not state that the allegations of the Complaint (and Amended Complaints) are allegations that were proven in a court of law. Under no circumstances shall any counsel or party state or suggest "what the evidence" showed or demonstrated. A party or counsel may state that Defendants have agreed not to claim that VigRx results in permanent penis enlargement; that each
member of the class shall be entitled to a $10 refund or a price concession in the purchase of other unrelated merchandise; and that all claims of Class Members were settled.

    c.  The parties and their attorneys may describe the Lawsuit and Settlement in marketing materials that are not directed to the mass media or posted on the internet. Any such references or discussion regarding the Lawsuit or Settlement, however, shall not use or disclose names of the parties other than to cite the name of the case.

    d.  The parties may describe the Lawsuit and Settlement in communications posted on the internet (such as on the websites of the respective

attorneys) that are accessible to the general public.  Any such references or discussion regarding the Lawsuit or Settlement, however, shall not use or disclose the product name VigRx and shall not use or disclose names of the parties.

### PROCEDURES FOR EXCLUSION FROM THE CLASS AND OBJECTIONS TO THE SETTLEMENT

Persons within the definition of the Class may choose to be excluded from the Class pursuant to F.R.Civ.P. 23.  A person may exclude himself or herself from the class by making a request for exclusion in writing sent by first-class mail to a post office box registered to the Settlement Administrator and specified in the Notices.  The request must be sent by first class (or international postal) mail and postmarked by December 10, 2007, which is the 30th calendar weekday after the deadline for disseminating the last Notice sent by postal mail.  Any attempt to request exclusion by electronic mail, facsimile transmission, or telephone shall be null and void.  A person who excludes himself or herself from the Class shall not be entitled to any Class Benefit and shall not be bound by any release made in the Settlement Agreement or by any judgment entered by the Court with regard to the Class.

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or Settlement Agreement, class certification, appointment of Class Counsel, approval of the Representative Plaintiff as the class representative or Class Counsel's Application, must file a written objection ("Objection") with the Court and serve on Class Counsel and counsel for the Leading Edge Marketing Defendants by December 10, 2007, which is the 30th calendar weekday after the deadline for the

last notice to be mailed by postal mail. To effectively object, each Person making an Objection ("Objector") must (a) demonstrate his or her standing as a Class Member as of the date the Settlement Agreement was signed; (b) provide the Objector's name, address, and telephone number; (c) state each specific reason for the Objection; and (d) attach all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the Objector wants the Court to consider in support of the Objection. Any person who does not timely file a written Objection in the manner and time stated above shall be deemed to have waived his, her, or its right to object and shall be foreclosed from seeking judicial review of any such matter, order, or judgment, by appeal or otherwise, in this or any other action or proceeding.

Any Objector wishing to appear at the Fairness Hearing, either in person or by counsel, must file with the written Objection and serve on Class Counsel and counsel for the Leading Edge Marketing Defendants a notice of that Objector's intention to appear and a summary of the nature and source of any evidence that Objector intends to present at the Fairness Hearing. Any Objector who does not timely file such a notice of intent to appear at the Fairness Hearing shall not be permitted to be orally heard at the Fairness Hearing.

Any papers in response to any Objection filed regarding any matter to be heard at the Fairness Hearing shall be filed with the Court and served on all Parties and on the Objector at least 10 days before the Fairness Hearing.

The Settlement Administrator shall inform Class Counsel upon request whether an Objector is represented in the Class Data as a member of the Class.

## PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

The Court hereby schedules for February 4, 2008 at 9:00 a.m, which date is 40 calendar days after the Claims Period closes, a Fairness Hearing to determine whether (1) to grant final approval to the proposed Settlement, the Settlement Agreement, certification of the Class, the appointment of Plaintiff as representative of the Class, and the appointment of Class Counsel as class counsel; (2) to enter a judgment dismissing with prejudice all claims against the named Defendants and without prejudice against Defendants John Does 1–20 such that Plaintiff could not sue the named Defendants on the claims asserted in the Litigation again; (3) to approve the releases to be provided by Plaintiff on behalf of himself and the Class Members to Defendants, and the releases to be provided by the Leading Edge Marketing Defendants to Plaintiff and his counsel; and (4) to approve the Application for an award of attorneys' fees and costs to Class Counsel and a special award to Plaintiff. The Court may, from time to time and without further notice to the Class Members, adjourn or reschedule the Fairness Hearing.

Class Counsel may file their Application for an award of attorneys' fees and costs and a special award to Plaintiff no later than 10 days before the Fairness Hearing.

Any further submissions to the Court in favor of final approval of the Settlement may be filed with the Court no later than 10 days before the Fairness Hearing.

DATED: August 28, 2007

BY THE COURT:

_s/Phillip S. Figa_
Phillip S. Figa
United States District Judge