IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04-cv-00212-EWN-CBS

JEFFERY HORTON, individually and behalf of all persons similarly situated,

    Plaintiff,

v.

LEADING EDGE MARKETING INC., a British Columbia corporation,
LEADING EDGE MARKETING INC., a Bahamas corporation,
LEADING EDGE MARKETING LTD., a Cyprus company,
LEADING EDGE MARKETING INC., a dissolved Colorado corporation,
UNIPAY PROCESSING, LTD., a Cyprus company,
GEOFFREY M. MACKAY,
DM CONTACT MANAGEMENT LTD., a British Columbia corporation,
ANDREW A. MACKAY,
DOUGLAS R. MACKAY,
TECHNIPAK, L.L.C., a Colorado limited liability company,
MARK D. SCHEIDT,
ADVANCED BOTANICALS, LTD., a British Columbia corporation, and
WARREN S. BRANDER,

    Defendants.

## ORDER GRANTING UNOPPOSED APPLICATION OF PLAINTIFF AND CLASS COUNSEL FOR ATTORNEYS' FEES, COSTS, AND SPECIAL AWARD

On January 30, 2008, Class Counsel submitted an application for payment of attorneys' fees and reimbursement of costs of litigation, and for a special award to the Representative Plaintiff of $10,000. Now, the matter having come before the Court for a Fairness Hearing on February 4, 2008, the Court finds, concludes, orders, and adjudges as follows:

As related in the Order of the Court granting final approval to the settlement in this case, by their efforts Class Counsel achieved a settlement resulting in the creation of a common fund of $6.51 million in cash and rights to real property for the benefit of the Class, from which Class Members were entitled to a rebate of ten dollars per Class Member upon presenting a claim. Class Counsel request payment of attorneys' fees and costs in the amount of $1.5 million, approximately 23% of the Settlement Fund.

In a settlement resulting in the creation of a common fund, it is appropriate to award Class Counsel a proportional fee calculated as a percentage of the fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). The common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense." *Boeing Co.*, 444 U.S. at 478.

> The common-fund exception to the American Rule [that litigants bear their own fees and costs] is grounded in the equitable powers of the courts under the doctrines of *quantum meruit* and unjust enrichment. The exception applies where a common fund has been created by the efforts of a plaintiff's attorney and rests on the principle that "persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." . . . After a period of experimentation with the lodestar method (based on the number of hours reasonably expended multiplied by the applicable market rate for the lawyer's services), the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases.

Manual for Complex Litigation, Fourth § 14.121 (2004) (footnotes omitted).

In *Boeing Co.*, the Supreme Court held that an award of attorneys' fees paid from a common fund is properly based on the entire fund, not merely the portion claimed by class

members. 444 U.S. at 479–81. In this case, the efforts of Class Counsel resulted in the creation of a $6.51 million common fund, in cash and in rights to real property, for the benefit of the Class. Pursuant to the terms of the Settlement Agreement and Preliminary Approval Order, every Class Member had the undisputed right to "share the harvest" and receive ten dollars upon demand from the common fund simply by making a claim. *Boeing Co.*, 444 U.S. at 480.

Following *Boeing*, the Court of Appeals for the Tenth Circuit has acknowledged the propriety of awarding fees in the amount of a percentage of the common fund. *Brown*, 838 F.2d at 454. Accordingly, this Court concludes that Class Counsel are entitled to an award of fees, inclusive of costs, calculated as a percentage of the Settlement Fund.

However, any fee awarded by the Court must be reasonable. The reasonableness of a fee request is considered in light of the twelve factors articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee—this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Brown*, 838 F.2d at 454–55.

Having reviewed Class Counsel's application for fees, the declaration of Bradley S. Corsello, the affidavits of David B. Seserman and James A. Jablonski, the joint motion for final

approval of the settlement and the exhibits to the foregoing, the Court makes the following conclusions regarding the *Brown* factors and finds that the factors support the reasonableness of the requested fees:

1. <u>The time and labor involved.</u> In their declaration and affidavits, supported by attached detailed time records, Class Counsel attest that they have spent over 5,700 hours investigating and prosecuting this case. The Court finds that a reasonable and customary rate for attorneys of Class Counsel's experience is $250.00. At that rate, Class Counsel's time expended to date is worth approximately $1,447,440. It is expected that Class Counsel will expend still more time on this case. Moreover, Class Counsel attest that they have advanced costs of litigation in excess of $69,000, which would be inclusive in the award sought by Class Counsel.

2. <u>The novelty and difficulty of the questions.</u> This case involved novel questions of law, such as whether a civil RICO case can be maintained as a class action and the application of the civil forfeiture provisions of COCCA.

3. <u>The skill requisite to perform the legal service properly.</u> This case was demanding of Class Counsel's skill due to the novelty of the issues presented. It is also notable that the Class was represented by a sole practitioner and co-counsel working for a contingency fee versus a well-financed defense conducted by four large and well-regarded law firms representing fourteen corporate and individual defendants. "[T]he number of adverse parties and the quality of opposing counsel" weigh in favor of the fee application. *Brown*, 838 F.2d at 455.

4. <u>The preclusion of other employment by the attorney due to acceptance of the case.</u> Class Counsel have represented, and the Court accepts, that the demands of this case took up a

4

substantial portion of Class Counsel Bradley Corsello's time. This weighs in favor of the application. *Brown*, 838 F.2d at 455 ("The record contains evidence that a substantial portion of the work of class counsel for many years was devoted to these cases, and thus precluded or reduced their opportunity for other employment.").

5. <u>The customary fee.</u> The requested fee is less than the customary contingency fee of one-third of the recovery, and on the low end of the range of fees granted by federal courts in common fund cases. In an empirical study of class action outcomes in four districts by the Federal Judiciary Center, "[m]edian rates ranged from 27% to 30%. Most fee awards in the study were between 20% and 40% of the gross monetary settlement." Thomas E. Willging, et al., *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules* (1996), *reprinted in* Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* App. XI at 6263 (4th ed. 2007). Thus, the requested fee of approximately 23% of the fund is substantially lower than the median rates and on the low end of the entire range.

6. <u>Any prearranged fee.</u> According to the terms of the Settlement Agreement, the Defendants have agreed not to oppose Class Counsel's application.

7. <u>Time limitations imposed by the client or the circumstances.</u> Class Counsel have investigated and prosecuted this case for over four years. In this District, the median pendency of cases terminating before the pretrial stage is 7.2 months. Administrative Office of the U.S. Courts, 2006 Judicial Business of the United States Courts, Table C-5 at 194 (2006). Thus, the 48-month pendency of this case is far above the median. "The facts underlying both the 'time limitations' factor and the 'length of the professional relationship with the client' factor are evident from the

5

remarkable length of class counsel's representation and the litigation itself." *Brown*, 838 F.2d at 456.

8. <u>The amount involved and the results obtained.</u> Class Counsel obtained valuable benefits for the Class, including the $6.51 million Settlement Fund from which cash benefits could be claimed, a valuable non-cash alternative benefit option, and substantial changes to the marketing practices of the Leading Edge Defendants.

9. <u>The experience, reputation, and ability of the attorneys.</u> Class Counsel are worthy attorneys of sufficient experience, reputation, and ability to justify their request for fees.

10. <u>The undesirability of the case.</u> This case was undesirable due to its subject matter and the exceptional risk that any judgment that might be obtained would not be collectible.

11. <u>The nature and length of the professional relationship with the client.</u> The four-year pendency of this case evidences a length of professional relationship with the Representative Plaintiff supporting the reasonableness of the fee requests.

12. <u>Awards in similar cases.</u> The Court notes that in a similar class action recently concluded in the Ohio Court of Common Pleas, *Parker v. Berkeley Premium Nutraceuticals, Inc.*, No. 04 CV 1903, class counsel were awarded 32% of a common settlement fund.

For the foregoing reasons, the Court grants the application of Class Counsel for a combined award of attorneys' fees and costs of $1.5 million (one million, five hundred thousand dollars), approximately 23% of Settlement Fund, payable from the Settlement Fund on or after the Effective Date of the Settlement, as Class Counsel may direct.

Class Counsel also apply for a special award of $10,000 payable from the Settlement Fund to the Representative Plaintiff, Jeffery Horton. This Court has recognized that a special award to a representative plaintiff is reasonable and appropriate. *See Lucas v. Kmart Corp.*, No. 99-cv-01923-JLK-CBS, 2006 U.S. Dist. LEXIS 51439, at *28 (D. Colo. July 27, 2006). In *Lucas*, this Court approved an incentive payment of $10,000 each to plaintiffs representing a nationwide class in respect of "the effort these individuals undertook and their contributions to the litigation," stating that such payments were "entirely appropriate." *Id.* The Court finds that such an award is also appropriate in this case and grants the application of Class Counsel for a special award to the Representative Plaintiff of $10,000 (ten thousand dollars) from the Settlement Fund, payable on or after the Effective Date of the Settlement, as Class Counsel may direct.

DATED: February 4th, 2008.

BY THE COURT:

s/ Edward W. Nottingham
Edward W. Nottingham
Chief United States District Judge